**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (SBN: 249203)
ak@kazlg.com
Nick Barthel, Esq. (SBN: 319105)
nicholas@kazlg.com
245 Fischer Avenue, Unit D1
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

**KAZEROUNI LAW GROUP, APC**
Yana Hart, Esq. (SBN: 306499)
yana@kazlg.com
David James Mcglothlin (SBN: 253265)
david@kazlg.com
2221 Camino Del Rio S, Ste 101
San Diego, CA

*Attorneys for Plaintiffs*

### UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **NATHAN BLACK AND JUSTIN MUNOZ, Individually and On Behalf of All Others Similarly Situated,**<br><br>Plaintiffs,<br><br>v.<br><br>**NOOTROPICS DEPOT LLC,**<br><br>Defendant. | Case No.:<br><br>**CLASS ACTION COMPLAINT FOR VIOLATIONS OF:**<br><br>1) **CONSUMER LEGAL REMEDIES ACT, CAL. CIVIL CODE §§ 1750,** *ET SEQ.***;**<br>2) **FALSE ADVERTISING LAW, CAL. BUS. & PROF. §§ 17500,** *ET SEQ.***;**<br>3) **UNFAIR COMPETITION LAW, CAL. BUS. & PROF. §§ 17200,** *ET SEQ.***;**<br>4) **NEGLIGENT MISREPRESENTATION; AND**<br>5) **INTENTIONAL MISREPRESENTATION.**<br><br>**[JURY TRIAL DEMANDED]** |

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

## INTRODUCTION

1. Plaintiffs Nathan Black ("Mr. Black") and Justin Munoz ("Mr. Munoz") (collectively "Plaintiffs") bring this Class Action Complaint to challenge the deceptive advertising and business practices of defendant, Nootropics Depot LLC ("Nootropics Depot" or "Defendant") with regard to Defendant's false and misleading promotion of its purportedly consumable products. Based on such false and misleading advertisements, Plaintiffs and others similarly situated purchased Defendant's products.

2. Plaintiffs collectively purchased a variety of Defendant's products, which Defendant advertised as being for human consumption. Specifically, Mr. Black purchased Phenylpiracetam 100 mg capsules and Phenibut HCL 250 mg capsules, and Mr. Munoz purchased Noopept Capsules 30 mg and Phenibut HCL 250 mg capsules (collectively, "Products").

3. However, each of these Products are not approved for human consumption by the Food and Drug Administration ("FDA"), but instead, the FDA considers Phenylpiracetam, Noopept, and Phenibut as dangerous ingredients not safe or approved for human consumption.

4. Consequently, Defendant does not comply with federal and parallel state regulations. Defendant misleads consumers into believing its products are for human consumption when that is not true. These misrepresentations allow Defendant to increase its sales and capture market shares from its competitors.

5. Plaintiffs make these allegations as follow upon personal knowledge as to Plaintiffs' own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by Plaintiffs' attorneys.

6. Defendant's nationwide sale and advertising of deceptively misbranded products constitutes violations of: (1) California's Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Code §§ 1750, *et seq.*; (2) California's False

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

Advertising Law ("FAL"), Bus. & Prof. Code §§ 17500, *et seq*.; (3) California's Unfair Competition Law ("UCL"), Bus. & Prof. Code §§ 17200, *et seq*.; (4) negligent misrepresentation; and (5) intentional misrepresentation.

7.  This conduct caused Plaintiffs and others similarly situated damages, and requires restitution and injunctive relief to remedy and prevent further harm.

8.  Unless otherwise indicated, the use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers of the named Defendant.

## JURISDICTION AND VENUE

9.  This Court has jurisdiction over this matter pursuant to the Class Action Fairness Act (CAFA) because the amount in controversy in this matter exceeds $5,000,000.00[1] as to all putative Class members, inclusive of attorneys' fees and costs, and injunctive relief.  *See* 28 U.S.C. § 1332(d).

10. This Court has diversity jurisdiction under 28 U.S.C. § 1332 because Plaintiffs are residents and citizens of the State of California, and Defendant is a corporation organized and existing under the laws of the State of Nevada.

11. This Court has personal jurisdiction over Defendant because Defendant conducts business in the County of San Francisco and the harm giving rise to Mr. Black's action occurred within this County. Therefore, Defendant has sufficient minimum contacts with this state, and otherwise purposely avails itself of the markets in this state through the promotion, sale, and marketing of its products in this state, to render the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

---

[1] On information and belief, Defendant sells its Products in brick and mortar stores and online retailers throughout California.  Based upon the advertised price of Defendant's products and their statewide availability, Plaintiffs are informed, believes, and thereon alleges the class damages exceed the $5,000,000 threshold as set by 28 U.S.C. § 1332(d).

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

12. Venue is proper in the United States District Court for the Northern District of California pursuant to 28 U.S.C. § 1391 for the following reasons: (i) the conduct complained of herein occurred within this judicial district; and, (ii) many of the acts and transactions giving rise to this action occurred in this district.

## PARTIES

13. Mr. Black is a natural person residing in the City of San Francisco, County of San Francisco, State of California.

14. Mr. Munoz is a natural person residing in the City of Oxnard, County of Ventura, State of California.

15. Upon information and belief, Defendant is a corporation that is organized and exists under the laws of the State of Nevada.

16. Defendant manufactures and/or distributes various products, including purportedly consumable consumer packaged goods and purportedly dietary supplements. Defendant conducts extensive business through Internet sales and enjoys wide retail distribution at numerous stores within the United States, including California.

## NATURE OF THE CASE

17. At all times relevant, Defendant made and continues to make affirmative misrepresentations regarding its products, which it manufactures, markets, and sells in physical stores and online through its own website and other online retailers, including Amazon.com among others.

18. Defendant advertised, marketed, packaged, and sold its products to Plaintiffs and other consumers similarly situated in California with the false representation that its Products containing Phenylpiracetam, Noopept and Phenibut were suitable for human consumption.

19. Phenylpiracetam and Phenibut were both originally developed by the Soviet Union for medical use.

**CLASS ACTION COMPLAINT**

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

20. Phenibut is a central nervous system depressant used typically used for easing anxiety and improving sleep. However, over the years it became famous for the "Phenibut high", which made the user feel energy and euphoria as a result of taking higher dosages Phenibut.

21. Any user of Phenibut rapidly builds a tolerance to its effects, thus requiring higher and higher dosages of the drug to continue to experience the "high". An unfortunate consequence of this results in severe side effects, such as vomiting, coordination problems, difficulty breathing and liver disease.

22. Continued use of high levels also creates an addiction to Phenibut because if one attempts to end the use of Phenibut, they will experience symptoms of withdrawal, including tremors, sweats, muscle aches, visual and auditory hallucinations, and heart palpitations.

23. Although rare, death from Phenibut overdose is possible.

24. Similar to Phenibut, Phenylpiracetam is taken to increase general cognition and learning; but Phenylpiracetam is very potent due to its ability to pass the brain-blood barrier.

25. Due to these performance enhancing abilities, as well as the potency of the drug, the Olympics committee has banned it due to concerns that it will be abused.

26. Noopept is a synthetic compound that is used as a potent prescription drug for treatment of Alzheimer's disease, dementia, and other age related cognitive decline in countries like Russia and the former Soviet Union

27. However, Noopept has gained popularity amongst younger generation, particularly students, due to its potential cognitive benefits.

28. Noopept is dangerous because in high dosages (approximately 20 mg) it can cause short-term memory loss, brain fog, headaches irritability, nausea, and anxiety and even suicidal thoughts.

29. The FDA has determined that Phenibut, Noopept and Phenylpiracetam, do not meet the standard to qualify as a consumable ingredient.

30. Despite this Defendant sells the Products to consumers knowing and intending that these consumers ingest the Products. For example, Defendant bottles these Products in small units of 60 or 180 count, for individual consumption.

31. On Nootropics Depot's website, it informs the consumer that it should learn more by reading reviews and experiences of consumer below. Many of these reviews including testimonials that clearly have the consumer utilizing the Products for their own personal consumption. For example, one review stated, "Don't take everyday or your tolerance will increase quickly, I took them every 2-4 days in between doses with a 3 week tolerance break after I finished the bottle."

32. The misrepresentations that Defendant made regarding the ingredients caused Plaintiffs and similarly situated California consumers to purchase and ingest substances that the FDA considers non-consumable. Moreover, these false claims about their products allow Defendant to gain a market share of the industry that they're in through misleading practices which is an unfair advantage to its competitors.

33. In short, the FDA has banned the inclusion of the ingredients Phenibut, Noopept, and Phenylpiracetam as a dietary ingredient in products sold to consumers for human consumption. Despite this, Defendant continues to include these ingredients in the Products that it sells on the open market.

34. Defendant's conduct as alleged herein violates several California laws, as more fully set forth herein.

## FACTUAL ALLEGATIONS

35. Plaintiffs re-allege and incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

36. On or about February 1, 2019, Mr. Black purchased Defendant's "Phenylpiracetam 100mg Capsules" and "Phenibut HCL 250mg Capsules" for a total of $62.98 from nootropicsdepot.com.

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

37. Mr. Black believed that the both of these products were for human consumption.

38. On or about April 8, 2019, Mr. Munoz purchased Defendant's "Noopept Capsules 30mg" and "Phenibut HCL 250mg Capsules" for a total of $62.98 from nootropicsdepot.com.

39. Mr. Munoz believed that the both of these products were for human consumption.

40. Defendant manufactures, markets, and sells the Products online through its own website and other retailers, which it advertises on the Products' label and related advertising materials as being suitable for human consumption.

41. At the time Plaintiffs purchased Defendant's Products, Plaintiffs believed and relied upon the representations made on Defendant's Products' labels and website that the Products were to be orally consumed daily. Plaintiffs reasonably believed that the Products were safe to ingest and were beneficial to their health.

42. On information and belief, Defendant's Products' label, packaging, and advertising materials are prepared and/or approved by Defendant and/or its agents.

43. As mentioned in detail above, Defendant's Products all contain unsafe food additives that can cause serious cardiovascular and neurological problems.

44. Consequently, Defendant's Products are were illegally sold for human consumption.

45. Defendant knew, or in the exercise of reasonable care, should have known that its Product's label and advertising materials were misleading or false.

46. As a consequence of Defendant's unfair and deceptive advertising and manufacturing practices, Plaintiffs and other consumers similarly situated purchased and overpaid for Defendant's Products under the false impression that the Products were safe for human consumption.

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

47. Plaintiffs and other consumers similarly situated in California purchased and overpaid for Defendant's Products under the false impression that the Products were for human consumption; however, the Products consisted of unsafe food additives.

48. Had Plaintiffs been aware that the Products contained an unsafe food additive putting his health at risk, Plaintiffs would have purchased a different product. In other words, Plaintiffs would not have purchased Defendant's Products but for the representations on the Products' related advertising.

49. Plaintiffs and others similarly situated were exposed to and relied upon the same material misrepresentations made on Defendant's Products' labels and website, where Defendant sold, and currently sells, its Products to consumers throughout the State of California.

50. As a result of Defendant's false and misleading statements and failure to disclose, Plaintiffs and others similarly situated consumers purchased thousands, if not tens or hundreds of thousands, of units of Defendant's Products, and have suffered, and continue to suffer, injury in fact through the loss of money and/or property.

51. Included within the demands of this Complaint are any products manufactured by Defendant, which contain Phenylpiracetam, Noopept or Phenibut.

52. This action seeks, among other things, equitable and injunctive relief, restitution of all amounts illegally obtained, and disgorgement of any and all ill-gotten gains as a result of the misconduct alleged herein.

## CLASS ACTION ALLEGATIONS

53. Plaintiffs re-allege and incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

54. Plaintiffs bring this action collectively and on behalf of all others similarly situated against Defendant, pursuant to Federal Rules of Civil Procedure 23(a) and (b)(3) and/or (b)(2).

55. Subject to additional information obtained through further investigation and/or discovery, the proposed class (the "Class") consists of:

> All persons within the United States who purchased a product, from Defendant, irrespective of brand name, containing the ingredients Phenylpiracetam, Noopept or Phenibut within the four years prior to the filing of this Complaint.

56. Excluded from the Class is Defendant and any of its officers, directors, and employees, or anyone who purchased Defendant's Product for the purpose of resale. Plaintiffs reserve the right to modify or amend the Class definition before the Court determines whether certification is appropriate.

57. The "Class Period" means four years prior to the filing of the Complaint in this action.

58. **Ascertainability**. The members of the Class are readily ascertainable from Defendant's records and/or Defendant's agents' records of retail and online sales, as well as through public notice.

59. **Numerosity**.  The members of the Class are so numerous that their individual joinder is impracticable. Plaintiffs are informed and believes that the Products are sold online and the Products have hundreds of customer reviews, and on that basis, Plaintiffs allege that the putative Class consists of hundreds, if not thousands of members.

60. **Existence and Predominance of Common Questions of Law and Fact**. Common questions of law and fact exist as to all members of the Class and predominate over any questions affecting only individual Class members. All members of the Class have been subject to the same conduct and their claims are based on the same standardized marketing, advertisements and promotions. The common legal and factual questions include, but are not limited to, the following:

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

a.   Whether the Products as manufactured contained Phenylpiracetam, Noopept, or Phenibut, or any of its other known aliases;

b.   Whether the Products were actually advertised as being an available for human consumption;

c.   Whether the Products could be sold for human consumption given their ingredients;

d.   Whether Defendant's claims and representations, as alleged herein, are untrue, misleading, and/or reasonably likely to deceive the average consumer;

e.   Whether Defendant's conduct violates California Civil Code §§ 1750, *et seq.*;

f.   Whether Defendant's advertising is false, untrue, or misleading within the meaning of California Business & Professions Code §§ 17500, *et seq.*;

g.   Whether Defendant's conduct is an unfair, fraudulent, or unlawful act or practice within the meaning of California Business & Professions Code §§ 17200, *et seq.*;

h.   Whether Defendant's advertising is unfair, deceptive, untrue or misleading within the meaning of California Business & Professions Code §§ 17200, *et seq.*;

i.   Whether Defendant acted negligently or intentionally in making the misrepresentations contained on the Product's label and Defendant's website;

j.   Whether Defendant, through its conduct, received money that, in equity and good conscience, belongs to the Plaintiffs and members of the Class;

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

k.      Whether the Plaintiffs and the putative Class members are entitled to equitable relief, including but not limited to restitution and/or disgorgement of ill-gotten gains; and

l.      Whether the Plaintiffs and the putative Class members are entitled to injunctive relief as sought herein.

61.    **Typicality**.  Plaintiffs' claims are typical of the claims of the members of the Class in that the Plaintiffs are members of the Class that the Plaintiffs seek to represent. Similar to members of the putative Class, Plaintiffs purchased Products from Defendant after exposure to the same material misrepresentations appearing on the Product's labels and Defendant's website. Plaintiffs also received Products that cannot legally be sold human consumption and contained dangerous food additives (Phenylpiracetam, Noopept or Phenibut). Plaintiffs are advancing the same claims and legal theories on behalf of themselves and all absent members of the Class. Defendant has no defenses unique to the Plaintiffs.

62.    **Adequacy of Representation**. Plaintiffs will fairly and adequately protect the interests of the members of the putative Class. Plaintiffs have retained counsel experienced in consumer protection law, including class actions, and specifically, false and deceptive advertising. Plaintiffs have no adverse or antagonistic interest to those in the Class and will fairly and adequately protect the interests of the Class.  Plaintiffs' attorneys are aware of no interests adverse or antagonistic to those of Plaintiffs and proposed Class.

63.    **Superiority**.  A class action is superior to all other available means for the fair and efficient adjudication of this controversy. Individualized litigation would create the danger of inconsistent and/or contradictory judgments arising from the same set of facts. Individualized litigation would also increase the delay and expense to all parties and the court system. The damages or other financial detriment suffered by individual Class members may be relatively small

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

compared to the burden and expense that would be entailed by individual litigation of the claims against the Defendant. The injury suffered by each individual member of the proposed class is relatively small in comparison to the burden and expense of individual prosecution of the complex and extensive litigation necessitated by Defendant's conduct. It would be virtually impossible for members of the proposed Class to individually redress effectively the wrongs to them. Even if the members of the proposed Class could afford such litigation, the court system could not. Individualized litigation of the complex legal and factual issues of such a case increases the delay and expense to all parties, including the court. By contrast, the class action device presents far fewer management difficulties, and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court. Therefore, a class action is maintainable pursuant to Federal Rules of Civil Procedure 23(a) and (b)(3) and/or (b)(2).

64. Unless the Class is certified, Defendant will retain monies received as a result of Defendant's unlawful and deceptive conduct alleged herein. Unless a class-wide injunction is issued, Defendant will also likely continue to, or allow its resellers to, advertise, market, promote, and sell the Class Products in an unlawful and misleading manner, and members of the Class will continue to be misled, harmed, and denied their rights under California law.

65. Further, Defendant has acted or refused to act on grounds that are generally applicable to the class so that declaratory and injunctive relief is appropriate to the Class as a whole, making class certification appropriate pursuant to Fed. R. Civ. P. 23(b)(2).

//
//
//
//

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

**FIRST CAUSE OF ACTION FOR**
**VIOLATIONS OF CALIFORNIA'S FALSE ADVERTISING LAW ("FAL")**
**BUS. & PROF. CODE §§ 17500, *ET SEQ*.**

66. Plaintiffs re-allege and incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

67. Plaintiffs and Defendant are both "person[s]" as defined by California Business & Professions Code § 17506.

68. California Business & Professions Code § 17535 authorizes a private right of action on both an individual and representative basis.

69. Defendant holds its Products out as being legally sold for human consumption, when, in fact, the Products contain unsafe food additives.

70. These misrepresentations, acts, and non-disclosures by Defendant constitute false and misleading advertising in violation of Business & Professions Code §§ 17500, *et seq*.

71. At all times relevant, Defendant's advertising and promotion of its Products were, and are, untrue, misleading, and likely to deceive the reasonable consumer and the public. In fact, Defendant did deceive Plaintiffs and the putative Class members by representing that its Products were available for human consumption and contained consumable ingredients designed to support their health and well-being. When, in reality, Defendant knew that its Product contained Phenylpiracetam, Noopept and Phenibut, which the FDA has warned about.

72. Defendant engaged in the false and/or misleading advertising and marketing of its Products, as alleged herein, with the intent to directly or indirectly induce consumers to purchase its Products, which Defendant knew, or had reason to know, was not suitable for human consumption.

73. Because Defendant knew or should have known that the representations and/or omissions alleged herein were untrue or misleading, Defendant acted in violation of California Business & Professions Code §§ 17500, *et seq.*

74. Had Defendant truthfully advertised that its Products did not contain the ingredients that can legally sold human consumption, Plaintiffs and the putative Class members would not have purchased the Products or would have purchased a different product from another manufacturer.

75. This false and misleading advertising of the Products by Defendant presents a continuing threat to consumers, as such conduct is ongoing to this day.

76. As a direct and proximate result of the aforementioned acts and omissions by Defendant, Defendant received and continues to hold monies rightfully belonging to Plaintiffs and the putative Class members, who were led to purchase Defendant's Products during the Class Period.

SECOND CAUSE OF ACTION FOR
VIOLATIONS OF CALIFORNIA'S UNFAIR COMPETITION LAW ("UCL")
BUS. & PROF. CODE §§ 17200, *ET SEQ.*

77. Plaintiffs re-allege and incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

78. Plaintiffs and Defendant are each a "person" as defined by California Business & Professions Code § 17201. California Business & Professions Code § 17204 authorizes a private right of action on both an individual and representative basis.

79. "Unfair competition" is defined by Business and Professions Code § 17200 as encompassing several types of business "wrongs," including: (1) an "unlawful" business act or practice, (2) an "unfair" business act or practice, (3) a "fraudulent" business act or practice, and (4) "unfair, deceptive, untrue or misleading advertising." The definitions in § 17200 are drafted in the

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

disjunctive, meaning that each of these "wrongs" operates independently from the others.

80. By and through Defendant's conduct alleged in further detail above and herein, Defendant engaged in conduct which constitutes unlawful, unfair, and/or fraudulent business practices, and unfair, deceptive, untrue or misleading advertising, as prohibited by California's UCL.

## A. "UNLAWFUL" PRONG

81. Beginning at a date currently unknown and continuing to the time of the filing of this Complaint, Defendant has committed acts of unfair competition, including those described above, by engaging in a pattern of "unlawful" business practices, within the meaning of Bus. & Prof. Code §§ 17200 *et seq*., by marketing, manufacturing, and distributing Defendant's Product in violation of California's Consumers Legal Remedies Act, Civil Code § 1759, *et seq*. and California's False Advertising Law, Business & Professions Code §§ 17500, *et seq*., as well as other Federal regulations.

82. Defendant further violated California's Health & Safety Code § 110660, which states that "any food is misbranded if its labeling is false or misleading in any particular." Section 110660 is a part of California's Sherman Food, Drug and Cosmetic law, California Health & Safety Code § 109875 (the "Sherman law").

83. Claims under state law based on the deceptive labeling of a food product is expressly permitted when the statute to be enforced imposes legal obligations identical to that of the Federal Food, Drug, and Cosmetic Act ("FDCA"), including FDA regulations concerning naming and labeling food products. *See e.g., In re Farm Raised Salmon Cases*, 22 Cal. 4th 1077, 1094-95 (2008). Plaintiff's claim that Defendant violated the FAL by labeling its Product in a false or misleading way imposes legal obligations identical to 21 U.S.C. § 343(a) of the FDCA, which states that, "a food shall be deemed to be misbranded . . . [i]f (1) its labeling is false or misleading in any particular[.]"

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

Further, section 343(a) of the FDCA is not subject to the express preemption provision set forth in 21 U.S.C. § 343-1 of the FDCA.

84. Defendant violated the above-referenced statutes by falsely representing that its Products contained ingredients that could legally be sold for human consumption, when in fact the product contained ingredients that unsafe food additives, making the Products not fit for human consumption.

85. By advertising, promoting, manufacturing, and selling its Product in violation of those California laws, Defendant engaged in a pattern of "unlawful" business practices within the meaning of California's UCL.

## B. "UNFAIR" PRONG

86. Beginning at a date currently unknown and continuing to the time of the filing of this Complaint, Defendant has committed acts of unfair competition as prohibited by Bus. & Prof. Code §§ 17200, *et seq*.

87. Had Plaintiffs and the putative class members been informed that Defendant's Product did not in fact contain ingredients suitable for human consumption, they would not have purchased the Products or would have purchased a different product. In other words, Defendant earned the business of Plaintiffs and the putative Class members by using deceptive advertising, which placed competitors at a disadvantage. Furthermore, Plaintiffs and the putative Class members were harmed in that they paid a price premium for the Products.

## C. "FRAUDULENT" PRONG

88. Beginning at a date currently unknown and continuing to the time of the filing of this Complaint, Defendant engaged in acts of unfair competition, including those described above and herein, in violation of Bus. & Prof. Code §§ 17200, *et seq*., by engaging in a pattern of "fraudulent" business practices within the meaning of Bus. & Prof. Code §§ 17200, *et seq*., by falsely advertising its Products as containing, ingredients suitable for human consumption, when, in

fact, the Products do not contain such ingredients, but instead unsafe food additives making the Products not fit for human consumption.

89. Plaintiffs reserve the right to allege further conduct that constitutes other fraudulent business acts or practices. Such conduct is ongoing and continues to this date.

**D. "UNFAIR, DECEPTIVE, UNTRUE OR MISLEADING ADVERTISING" PRONG**

90. Defendant's advertising is unfair, deceptive, untrue, and/or misleading within the meaning of Bus. & Prof. Code §§ 17200, *et seq*., in that consumers are led to believe that Defendant's Products contain ingredients suitable for human consumption, when, in fact, the Products do not contain such ingredients, and instead the Products have unsafe food additives that render the Products unmarketable as a dietary supplement, as alleged herein.

91. Plaintiffs and other such reasonable consumers are likely to be, and were, deceived and misled by Defendant's advertising of its Products, as containing ingredients safe to consume.

92. As a direct and proximate result of Defendant's unlawful, unfair, and fraudulent conduct described herein, Defendant received and continues to receive an unfair competitive advantage and unearned commercial benefits at the expense of its competitors and the public, who unwittingly provided money to Defendant based on Defendant's misleading representations.

93. Plaintiffs and the putative Class members suffered an injury in fact because Plaintiffs' money was taken by Defendant as a result of Defendant's false representations as set forth on the Products' label and Amazon.com and other 3rd party retailers as mentioned herein.

94. Such acts and omissions by Defendant are unlawful and/or unfair and/or fraudulent, and constitute multiple violations of California's UCL. Plaintiffs reserve the right to identify additional violations by Defendant as may be established through discovery.

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

95. In prosecuting this action for the enforcement of important rights affecting the public interest, Plaintiffs seek the recovery of attorneys' fees, which reward is available to a prevailing Plaintiffs in a class action such as this.

### THIRD CAUSE OF ACTION
### NEGLIGENT MISREPRESENTATION

96. Plaintiffs repeat, re-allege, and incorporate by reference the above allegations as if fully stated herein.

97. Beginning at a date currently unknown and continuing to the time of the filing of this Complaint, Defendant represented to Plaintiffs and others similarly situated, through product packaging and advertising materials, that Defendant's Products contained ingredients suitable for human consumption.

98. Defendant made these representations knowing, or having reason to know, that its Products contained ingredients that the FDA had publicly and specifically identified as not suitable for human consumption.

99. Defendant acted with the intent to induce the public, including Plaintiffs and putative Class members, to purchase Defendant's Products.

100. Plaintiffs and the putative Class members saw, believed, and relied upon Defendant's representations in making the decision to purchase Defendant's Product.

101. At all times relevant, Defendant knew or should have known that such representations were untrue, and Defendant had no reasonable basis for believing the representations to be true.

102. As a proximate result of Defendant's negligent misrepresentations, Plaintiffs and other consumers similarly situated were induced to purchase, purchase more of, or pay more for Defendant's Products due to the unlawful acts of Defendant, in an amount to be determined at trial, during the Class Period.

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

## FOURTH CAUSE OF ACTION
## INTENTIONAL MISREPRESENTATION

103. Plaintiffs repeat, re-allege, and incorporate herein by reference the above allegations as if fully stated herein.

104. Beginning at a date currently unknown and continuing to the time of the filing of this Complaint, Defendant intentionally represented to Plaintiffs and others similarly situated, through Products' packaging and advertising materials, that Defendant's Products contained ingredients suitable for human consumption and that its Products were a dietary supplement.

105. Defendant acted intentionally by willfully and purposefully printing a specific "Supplement Facts" label of Defendant's Products indicating to consumers that the Products was a in fact a dietary supplement.

106. Because the Product contains Phenylpiracetam, Noopept and Phenibut it could not be a sold for human consumption, and was instead declared by the FDA to be an unsafe food additive. Therefore, the Products do not have the benefits that Defendant advertises.

107. Defendant knew or had reason to know such representations were false, and continued to label its Products in a false or misleading way.

108. Defendant further knew that retailers were advertising its Products as containing ingredients suitable for consumption, because Defendant designed, manufactured, and affixed the product labeling to its Products before supplying the Products to the retailers.

109. Plaintiffs and the putative Class members saw, believed, and relied upon Defendant's representations in making the decision to purchase Defendant's Product.

110. As a proximate result of Defendant's intentional misrepresentations, Plaintiffs and the putative Class members were damaged in an amount to be determined at trial.

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

111. Plaintiffs alleges the "who, what, when, where, and how" of the alleged deception by Defendant as follows:

    i.   The "who" is Defendant;

    ii.   The "what" is the representation that Defendant's Products, and substantially similar products, had ingredients that were suitable for human consumption;

    iii.   The "when" is the date Plaintiffs purchased the Products, and the Class Period of four years prior to the filing of this Complaint;

    iv.   The "where" is in Defendant's product labeling, advertisements, and online marketing; and

    v.   The "how" is the allegation that Defendant did not disclose that its Products contains unsafe food additives, and thus is not suitable for human consumption nor is it a dietary supplement.

112. By engaging in the acts described above, Defendant is guilty of malice, oppression, and fraud, and Plaintiffs and the putative Class are therefore entitled to recover exemplary or punitive damages.

**RESERVATION OF RIGHT TO ASSERT CLAIM FOR VIOLATIONS OF THE CALIFORNIA CONSUMERS LEGAL REMEDIES ACT CAL. CIV. CODE §§ 1750, *ET SEQ.***

113. Plaintiffs re-allege and incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

114. On or about January 24, 2020, Mr. Black served on Defendant a demand for corrective action pursuant to California Civil Code § 1750.

115. On or about January 31, 2020, Mr. Munoz served on Defendant a demand for corrective action pursuant to California Civil Code § 1750.

116. Plaintiffs reserve the right to amend the Complaint to assert a cause of action under the CLRA, specifically, Civil Code Sections1770(a)(4), (5) and (7), should Defendant not take timely and appropriate corrective action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully request the Court grant Plaintiffs and the putative Class members the following relief against Defendant:

- that this action be certified as a Class Action;
- that Plaintiffs be appointed as the Class Representatives;
- that Plaintiffs' attorneys be appointed as Class Counsel;
- that Defendant's wrongful conduct be adjudged and decreed to violate the consumer protection statutes raised herein;
- An order requiring imposition of a constructive trust and and/or disgorgement of Defendant's ill-gotten gains and to pay restitution to Plaintiffs and all members of the Class and to restore to the Plaintiffs and members of the class all funds acquired by means of any act or practice declared by this court to be an unlawful, fraudulent or unfair business act or practice, in violation of laws, statutes or regulations, or constituting unfair competition;
- Distribution of any monies recovered on behalf of members of the Class via fluid recovery or *cy pres* recovery were necessary and as applicable, to prevent Defendant from retaining the benefits of their wrongful conduct;
- that Plaintiffs and each of the other members of the Class recover the amounts by which Defendant has been unjustly enriched;
- A temporary, preliminary and/or permanent order for injunctive relief requiring Defendant to: (i) discontinue its false and/or misleading statement/s; and (ii) undertake an immediate public information campaign to inform members of the proposed class as to their prior practices;
- that Defendant be enjoined from continuing the wrongful conduct alleged herein and be required to comply with all applicable laws;
- Pre-judgment interests from the date of filing of this suit;

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

- that Plaintiffs and each member of the putative Class recover their costs of suit.

### FIRST CAUSE OF ACTION FOR
### VIOLATIONS OF CALIFORNIA'S FALSE ADVERTISING LAW
### CAL. BUS. & PROF. CODE §§ 17500, *ET SEQ.*

- Restitution and injunctive relief pursuant to Bus. & Prof. Code § 17203;
- recovery of reasonably attorney's fees pursuant to, *inter alia*, California Code of Civil Procedure § 1021.5.

### SECOND CAUSE OF ACTION FOR
### VIOLATIONS OF CALIFORNIA'S UNFAIR COMPETITION LAW
### CAL. BUS. & PROF. CODE §§ 17200, *ET SEQ.*

- Restitution and injunctive relief pursuant to Bus. & Prof. Code § 17535; and
- recovery of reasonable attorneys' fees pursuant to, *inter alia*, California Code of Civil Procedure § 1021.5.

### THIRD CAUSE OF ACTION FOR
### NEGLIGENT MISREPRESENTATION

- A judgment against Defendant for general and compensatory damages in an amount to be determined at trial; and

### FOURTH CAUSE OF ACTION FOR
### INTENTIONAL MISREPRESENTATION

- A judgment against Defendant for general and compensatory damages in an amount to be determined at trial;
- punitive damages pursuant to Cal. Civ. Code § 3294; and
- that Plaintiffs and the members of the Class be granted any other relief the Court may deem just and proper.

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

### FIFTH CAUSE OF ACTION FOR
### VIOLATIONS OF CALIFORNIA'S CONSUMER LEGAL REMEDIES ACT
### CAL. BUS. & PROF. CODE §§ 1750, *ET SEQ.*

- Actual damages, injunctive relief, restitution, and punitive damages pursuant to Cal. Civ. Code § 1780(a); and

- an award of costs and attorney's fees pursuant to Cal. Civ. Code § 1780(d).

### TRIAL BY JURY

117. Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiffs are entitled to and demands a trial by jury.

Dated: January 31, 2020                    Respectfully submitted,

                                            **KAZEROUNI LAW GROUP, APC**


                            By:  *s/ Abbas Kazerounian*____
                                 ABBAS KAZEROUNIAN, ESQ.
                                 NICHOLAS BARTHEL, ESQ.
                                 *Attorneys for Plaintiff*

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626